

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2003

# Carroll v. Postmaster General

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1087

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Carroll v. Postmaster General" (2003). *2003 Decisions.* Paper 259.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/259

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

_____

N0.  03-1087

_____

CHERYL M. CARROLL,
                              *Appellant*

v.

POSTMASTER GENERAL , *JOHN E. POTTER; U.S. POSTAL SERVICE; EUGENE
NAVEILLO, IN THEIR PROFESSIONAL CAPACITY AND AS INDIVIDUALS

*(Pursuant to F.R.A.P. 43(c))
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 99-cv-05635)
District Judge: Honorable Alfred M. Wolin

_____

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2003
Before: BARRY, BECKER, and GREENBERG, Circuit Judges

(Filed September 23, 2003)
_____

OPINION OF THE COURT
_____

Becker, *Circuit Judge*.

        This is an appeal by plaintiff Cheryl M. Carroll from the District Court's grant of

summary judgment against her and in favor of the defendant Postmaster General of the

United States.  Carroll's suit brought under Title VII of the Civil Rights Act alleges that she

had been subjected to a hostile work environment; disparate treatment based on her race and gender; and retaliation for prior complaints of alleged discrimination. The claim is based upon events which allegedly occurred as early as 1987 – over 15 years ago. However, the parties are fully familiar with the lengthy factual and procedural history, and we need not rescribe it here.

Having examined the lengthy record, we are satisfied that the able District Judge analyzed the case correctly in his opinion. We affirm largely for the reasons set forth in Judge Wolin's opinion. However, we add a number of comments.

First, Carroll's main example of adverse action is the loss of her 204B supervisor status, but this occurred more than a year after Mr. Naviello's alleged "come-ons" (which no one witnessed, and of which the EEO has no records), and the record shows that in the early 1990s, the Post Office "abandoned the practice of allowing any mail handlers to serve as a 204B." (A17.) Carroll alleges that she lost her 204B status in 1988, before the Post Office changed its policy. Even given that timing issue, the year of separation between the alleged harassment and the loss of 204B status precludes any inference of causality.

Second, and more generally, Carroll alleges that: (1) Naviello asked her out socially on three occasions in 1987; (2) Naviello completed her paperwork when she worked as a 204B; (3) Naviello watched her while she worked and followed her around on the work floor; (4) management moved her from her work area in 1990 and 1995; (5) her position

2

behind the LSMs[1] and her work hours were changed in 1993; (6) she was "yelled at" for working outside her regularly scheduled hours in August 1998; and (7) Naviello rubbed his back up and down the wall in a "suggestive manner" on one occasion in 1999.

The Postmaster has set forth justifications for each of the relocations and changes in hours. For example, although Carroll alleges that she was moved to an undesirable time slot before a more junior person was moved, the Postmaster explains that the more junior person was not scheduled to start on the job for another month. As for being "yelled at," the explanation is that management simply wanted her to fill out a particular form, and there is evidence that others received similar treatment.

The main allegations are those involving Naviello. However, as the District Court concluded, only the most recent "suggestive rubbing" incident was timely reported to the EEO, and these three to four corroborated incidents over the course of 13 years hardly create the "continuing violation" needed to escape Title VII's 45-day time-bar.

Naviello was surely an objectionable person. But on the record as a whole, the District Court was plainly correct in granting summary judgment for the Postmaster. The judgment of the District Court will be affirmed.

---

[1]LSM is a letter sorting machine. Carroll's responsibilities included working behind an LSM and manually sorting mail.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Edward R. Becker
Circuit Judge

4